## BAYARD v STATE EMPLOYEES' RETIREMENT SYSTEM

Docket No. 76141. Submitted November 9, 1984, at Lansing.—Decided July 1, 1985.

The State Employees' Retirement Board discontinued the payment of a disability retirement allowance to petitioner, Jennie Bayard, because of its finding that she was no longer totally disabled. Her petition for review of the board's action was heard in the Ingham Circuit Court. The court, Robert Holmes Bell, J., ordered the matter remanded to the board and directed the board to either place petitioner in active service within the limits of her partial disability or to reinstate and continue her benefits. The State Employees' Retirement System and the Department of Commerce and its director appeal from that order. *Held:*

The retirement board may not discontinue duty disability benefits when the recipient is deemed capable of resuming employment without the state first returning the recipient to active employment status. Restoration to active service with the state serves as a condition precedent to the termination of benefits. Either the recipient or the retirement board may take proper court action to compel the recipient's restoration to employment with the state through mandamus proceedings if no other action is available to reemploy the recipient.

Affirmed.

1. State — State Employees — Duty Disability Benefits — Termination of Benefits.

The State Employees' Retirement Board may not discontinue the payment of duty disability benefits when the recipient of such benefits is deemed capable of resuming employment without

References for Points in Headnotes

[1] Am Jur 2d, Pensions and Retirement Funds §§ 46-61.

Determination whether peace officer's disability is service-connected for disability pension purposes. 12 ALR4th 1158.

Determination whether firefighter's disability is service-connected for disability pension purposes. 7 ALR4th 799.

[2] Am Jur 2d, Pensions and Retirement Funds § 72.

Acceptance of, or assertion of right to, pension or retirement as abandonment of public office or employment. 76 ALR2d 1312.

the state first returning the recipient to active employment status; restoration to active service with the state serves as a condition precedent to the termination of benefits (MCL 38.33[a]; MSA 3.981[33][a]).

2. STATE — STATE EMPLOYEES — DUTY DISABILITY BENEFITS — TERMINATION OF BENEFITS — REEMPLOYMENT — COURT RULES.
   The State Employees' Retirement Board or a retirant may take proper court action to compel the retirant's restoration to employment with the state through mandamus proceedings if no other action is available to reemploy the retirant following the board's determination that the retirant is able to resume employment (MCL 38.33[a]; MSA 3.981[33][a]; MCR 3.301[A][1][c], 3.305).

*Sablich, Ryan, Bobay & Kaechele, P.C.* (by *Dan J. Zolkowski),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Susan A. Harris,* Assistants Attorney General, for respondents.

Before: M. J. KELLY, P.J., and BEASLEY and M. R. STEMPIEN,* JJ.

M. R. STEMPIEN, J. On December 10, 1982, the State Employees' Retirement Board discontinued petitioner's disability retirement allowance because of its finding that based upon a medical report dated February 24, 1981, she was no longer "totally disabled". The medical report provided that petitioner could return to work, but should be careful with lifting and should refrain from lifting more than two to three pounds. Petitioner appealed from this ruling to the circuit court. Following a remand to have the retirement board prepare a written opinion of its decision, the circuit court ordered the matter remanded to the retirement board and directed that the board should

---

* Circuit judge, sitting on the Court of Appeals by assignment.

either place petitioner in active service within the limits of petitioner's partial disability or reinstate and continue her disability retirement benefits from the time the benefits were terminated until such time as she is restored to active service. The state appeals from this order as of right. We affirm.

Petitioner, Jennie Bayard, was employed as an attendant nurse by the Hillcrest Regional Center, Department of Mental Health, from 1974 to March 28, 1978. Her position required her to provide total physical care to mentally retarded and physically handicapped individuals. During the course of her employment, she continually was required to engage in heavy lifting, pulling and tugging. Because of this substantial physical labor, petitioner suffered from chronic irritation and overloading of the tendon, muscle and joint capsule of both shoulders, resulting in calcium deposits and ultimately to secondary arthritic changes. Surgery was performed to remove the calcium deposits in petitioner's left and right shoulders in April, 1979, and April, 1980, respectively, and on April 8, 1978, an acromioplasty was also performed.

On July 19, 1979, petitioner applied for duty disability retirement benefits pursuant to MCL 38.21; MSA 3.981(21). On September 7, 1979, benefits were granted by the retirement board with the requirement that petitioner submit herself to a reexamination one year later. On July 9, 1980, petitioner was required to submit additional medical reports pertaining to her then physical condition. Based upon her surgeon's report, the medical advisor for the board rejected petitioner's application for continuing duty disability benefits. Petitioner appealed from the medical advisor's decision in order to present further information in support of her claim for continued benefits. The

hearing officer recommended that the retirement board deny petitioner's request for continued benefits. This recommendation was adopted by the board.

On October 9, 1982, petitioner sought a review of the board's decision in the circuit court. The circuit court remanded the matter with directions to the board to issue a written opinion stating the basis for the board's decision. On remand, the board issued an order stating that, based on the medical evidence submitted, petitioner was found to be capable of resuming employment with restrictions and, therefore, she was no longer totally disabled. The board's order concluded that, pursuant to MCL 38.33(a); MSA 3.981(33)(a), the board must terminate disability payments to the petitioner. The circuit court ordered the matter remanded with directions to either place petitioner in active service within the limits of her partial disability or reinstate and continue her benefits. This appeal followed.

The sole issue on appeal is whether or not the retirement board may discontinue duty disability benefits when the recipient is deemed capable of resuming employment without the state first returning the recipient to active employment status.

The state argues that the retirement board lacks the authority to compel the return of a once-disabled retirant to active employment status after his or her disability is removed. It claims that the only requirement imposed upon the board is the termination of benefits when the board determines that the recipient is no longer totally disabled. The state concludes by stating that whether or not the former recipient actually resumes state employment is a question to be determined by the recipient's department and the Civil Service Commission, in accordance with its rules and regulations

and any applicable collective bargaining agreement. We disagree.

MCL 38.33(a); MSA 3.981(33)(a) provides in pertinent part as follows:

"Once each year during the first 5 years following the retirement of a member on a disability retirement allowance, and at least once in every 3 year period thereafter the retirement board may, and upon the retirant's application shall, require any disability retirant, who has not attained age 60 years, to undergo a medical examination; * * * If upon such medical examination of a disability retirant, the medical advisor reports and his report is concurred in by the retirement board, that *the disability retirant is physically able and capable of resuming employment, he shall be restored to active service with the state and his disability retirement allowance shall cease.*" (Emphasis added.)[1]

We find that the language of this section is quite explicit: once the retirement board determines that the disability retirant is able to resume employment, the retirant "shall be restored to active service with the state and his disability retirement allowance shall cease". As we read this section, restoration to active service with the state serves as a condition precedent to the termination of benefits. The question of whether the retirement board has the authority to compel reassignment to state employment does not negate the statute's directive. If the state refuses to reemploy the retirant pursuant to the retirement board's findings of physical ability and capability to resume employment, the retirant is entitled to continued disability benefits pending such restoration to state

---

[1] We express no opinion upon whether the retirement board's finding that petitioner "is physically able and capable of resuming employment" is supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28; MCL 24.306(1)(d); MSA 3.560(206)(1)(d).

employment. Either the retirant or retirement board may take proper court action to compel the retirant's restoration to employment with the state through mandamus proceedings if no other action is available to reemploy this retirant. See MCR 3.301(A)(1)(c), and MCR 3.305.

Accordingly, the circuit court's decision to reinstitute petitioner's benefits from the time they were terminated until such time as petitioner is restored to active service is affirmed.

Affirmed. We do not retain jurisdiction.